■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORO, Appellant. — Judgment, Supreme Court, Bronx County (A. Chananau, J., on trial and sentence; D. F. McMahon, J., on suppression hearing) rendered June 24, 1981, convicting defendant, after jury trial, of criminal possession of a weapon in the third degree (Penal Law, § 265.02) and sentencing him thereon as a predicate felon for a term of imprisonment of 3½ to 7 years, is affirmed. ¶ The police had a reasonable suspicion that the car was being operated by a person under age, and this justified inquiry. After the person in the driver's seat, Delgado, got out of the car, it was a proper precaution and a minimal intrusion for the police to tell the person in the passenger's seat (the defendant), if they did tell him, to get out of the car. (*People v Livigni,* 88 AD2d 386, affd for reasons stated in App Div 58 NY2d 894.) ¶ While the defendant was

standing outside the car gunfire ensued between Delgado and a police officer. At that point, defendant stated to a police officer that he had a gun, of which the police promptly relieved him. ¶ In any event, even if the police had not told defendant to get out of the car, and if defendant had not gotten out of the car, discovery of defendant's possession of a gun was inevitable. For within a minute or two, Delgado, who had produced a registration but no operator's license, began to run away, drew a gun and fired at one of the police officers. At this point, the officers would inevitably make sure that defendant, in the car or just stepped out of the car, was unarmed or disarmed. ¶ While the trial Assistant District Attorney exceeded proper grounds in some of his trial tactics, particularly the apparent evasion of the Judge's directions by questioning defendant about the underlying facts as to a previous robbery, and by attempting to bring out the shooting incident involving Delgado, we do not think that these incidents created a "significant probability * * * that the jury would have acquitted the defendant had it not been for the error or errors which occurred." (*People v Crimmins,* 36 NY2d 230, 242.) In this simple gun possession case the proof of guilt was overwhelming. Concur — Kupferman, J. P., Sullivan, Silverman, Milonas and Kassal, JJ.